# Date of Original Judgment: December 30, 2005

(Or Date of Last Amended Judgment)

**Reason for Amendment:**

[ ] Correction of Sentence on Remand (Fed.R.Crim.P.35(a))
[ ] Reduction of Sentence for Changed Circumstances
     (Fed. R.Crim.P.35(b))
[ ] Correction of Sentence by Sentencing Court (Fed.R.Crim.P.35©)
[x] Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36)

[ ] Modification of Supervision Conditions (18 U.S.C § 3563(c) or 3583(e))
[ ] Modification of Imposed Term of Imprisonment for Extraordinary and
     Compelling Reasons (18 U.S.C. §3582©)(1))
[ ] Modification of Imposed Term of Imprisonment for Retroactive
     Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582©)(2))
[ ] Direct Motion to District Court Pursuant to [ ] 28 U.S.C. § 2255,
     [ ] 18 U.S.C. § 3559©)(7), or [ ] Modification of Restitution Order

# United States District Court
## Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>v.<br>**SANDY RU ZHONG** | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: CR 05-0123-02 MHP<br><br>USM Number:<br>Brian Getz, retained<br>Defendant's Attorney |

**THE DEFENDANT:**

[x]   pleaded guilty to count(s): <u>One of the Superseding Information</u> .
[ ]   pleaded nolo contendere to count(s) __ which was accepted by the court.
[ ]   was found guilty on count(s) __ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1029(b)(2) | Conspiracy to Produce, Use, and Traffic in Counterfeit Access Devices | | 1 |

The defendant is sentenced as provided in pages 2 through  9  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.  This court's bench order, made at the time of sentencing, is hereby deemed incorporated.

[ ]   The defendant has been found not guilty on count(s) __.
[x]   <u>All remaining counts of the Information</u> are dismissed on the motion of the United States.

    IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

12/18/2005
Date of Imposition of Judgment

*/s/ signature*
Signature of Judicial Officer

Honorable Marilyn Hall Patel, U. S. District Judge
Name & Title of Judicial Officer

March 15, 2006
Date

DEFENDANT: SANDY RU ZHONG  
CASE NUMBER: CR 05-0123-02 MHP

Judgment - Page 2 of 9

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 18 months .

[x]  The Court makes the following recommendations to the Bureau of Prisons:
Placement of defendant in Dublin Facility is highly recommended, or placement in another facility in California if that is not possible.

[ ]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district.

    [ ]  at ___ [] am [] pm on ___.
    [ ]  as notified by the United States Marshal.

[x]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [x] before 12:00 noon 2:00 pm on 3/31/2006 .
    [x] as notified by the United States Marshal.
    [x] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

    Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
    Deputy United States Marshal

DEFENDANT:       SANDY RU ZHONG                                                        Judgment - Page 3 of 9
CASE NUMBER:     CR 05-0123-02 MHP

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  3 years .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

[x ]    **The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.**  (Check if applicable.)

[**x**]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check if applicable.)

[x]     The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[]      The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[]      The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1) The defendant shall not leave the judicial district without permission of the court or probation officer;
2) The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation,  unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:        SANDY RU ZHONG                                        Judgment - Page 4 of 9
CASE NUMBER:      CR 05-0123-02 MHP

## SPECIAL CONDITIONS SUPERVISION

1) The defendant shall not possess or use any data encryption technique or program.

2) The defendant shall (1) consent to the probation officer conducting periodic unannounced examinations of his/her computer equipment, which may include retrieval and copying of all data from his/her computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection, and (2) consent at the direction of the probation officer to having installed on his/her computer(s), at the defendant's expense, any hardware or software systems to monitor his/her computer use.

3) The defendant shall refrain from accessing, via a computer, any "material" that relates to the activity in which s/he was engaged in committing the instant offense(s), parole, probation, or supervised release violation behavior, namely counterfeit credit cards and access devices..

4) The defendant shall not possess or use any computer; however, s/he may, with the prior approval of the probation officer, use a computer in connection with authorized employment and/or education.

5) The defendant shall not have contact with any co-defendant, in this case namely, Eva Yok Yau Eng and Sun Keung Lee.

6) The defendant shall pay special assessment, restitution, and or forfeiture imposed by this judgment, and that remains unpaid upon commencement of the term of supervised release.

7) The defendant shall provide the probation officer access to any requested financial information, including tax returns, and shall authorize the probation office to conduct credit checks and obtain copies of income tax returns.

8) The defendant shall not open any new lines of credit and/or incur new debt without the prior permission of the probation officer.

9) The defendant shall not maintain a position of fiduciary capacity without the prior permission of the probation officer.

10) The defendant shall submit his/her person, residence, office, vehicle, or any property under his/her control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

11) The defendant shall cooperate in the collection of DNA as directed by the probation officer.

| DEFENDANT: | SANDY RU ZHONG | Judgment - Page 5 of 9 |
|---|---|---|
| CASE NUMBER: | CR 05-0123-02 MHP | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ waived | $ 37,000.00 |

[ ]   The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[**x**]   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

| DEFENDANT: | SANDY RU ZHONG | Judgment - Page 6 of 9 |
| CASE NUMBER: | CR 05-0123-02 MHP | |

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| 1st Bank | | $1,000.00 | |
| American Express | | $1,000.00 | |
| Bank of America | | $1,000.00 | |
| Bank of America NA | | $1,000.00 | |
| Bank of Canton of California | | $1,000.00 | |
| Baxter Credit Union | | $1,000.00 | |
| Capitol One Bank | | $1,000.00 | |
| Chase | | $1,000.00 | |
| Chase Bankcard Services | | $1,000.00 | |
| Chase Bankcard Services Inc | | $1,000.00 | |
| Citibank | | $1,000.00 | ` |
| Citibank Fraud Investigations Southern California | | $1,000.00 | |
| Citicorp Card Services Inc | | $1,000.00 | |
| DC Card Co., LTD | | $1,000.00 | |
| FDS National Bank | | $1,000.00 | |
| First National Bank of Omaha | | $1,000.00 | |
| First USA Bank | | $1,000.00 | |
| Fleet Credit Card Services | | $1,000.00 | |
| GE Capital Finance | | $1,000.00 | |
| Hawaii USA Federal Credit Union | | $1,000.00 | |
| Household Credit Services | | $1,000.00 | |
| HSBC Bank USA | | $1,000.00 | |
| MBNA America | | $1,000.00 | |
| Metavante Corp Investigative Services | | $1,000.00 | |
| Nordstrom FSB | | $1,000.00 | |
| Pacific Service Credit Union | | $1,000.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

| DEFENDANT: | SANDY RU ZHONG | Judgment - Page 7 of 9 |
|---|---|---|
| CASE NUMBER: | CR 05-0123-02 MHP | |

| | |
|---|---|
| Patelco Credit Union | $1,000.00 |
| Peoples Bank | $1,000.00 |
| Providian | $1,000.00 |
| Prudential Bank and Trust Co. | $1,000.00 |
| The Associates Credit Card Services Inc. | $1,000.00 |
| Tokyo Credit Services, LTD | $1,000.00 |
| U of C Federal Credit Union | $1,000.00 |
| U. S. Bank | $1,000.00 |
| United World Chinese Commerce | $1,000.00 |
| USAA Federal Savings Bank | $1,000.00 |
| Wells Fargo Bank | $1,000.00 |
| Totals: $ | $ $37,000.00 |

[x]  Restitution amount ordered pursuant to plea agreement $ $37,000.00

[ ]  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   [ ]  the interest requirement is waived for the    [ ] fine    [ ] restitution.

   [ ]  the interest requirement for the    [ ]  fine    [ ] restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:     SANDY RU ZHONG                                                      Judgment - Page 8  of  9
CASE NUMBER:   CR 05-0123-02 MHP

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [**x**]  Lump sum payment of $$37,100.00 due:

    [ ]   not later than ___ , or

    [**x**]  in accordance with ( ) C, ( ) D, ( ) E or (**x**) F below; or

B  [ ]  Payment to begin immediately (may be combined with ( ) C, ( ) D, or ( ) F below); or

C  [ ]  Payment in equal ___ (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in equal ___ (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ]  Payment during the term of supervised release will commence within (e,g, 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [**x**]  Special instructions regarding the payment of criminal monetary penalties:
Special Assessment of $100 shall be paid not later than 12/23/2005; Remaining balance of $37,000.00 to be paid in installments of $1/victim/month, and shall be put into an interest-bearing account before the Clerk of Court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

    [ ]  Joint and Several

| Defendant and co-defendant Names | Case Numbers (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee (if appropriate) |
|---|---|---|---|---|
|  |  |  |  |  |

    [ ]  The defendant shall pay the cost of prosecution.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

| | | |
|---|---|---|
| DEFENDANT: | SANDY RU ZHONG | Judgment - Page 9 of 9 |
| CASE NUMBER: | CR 05-0123-02 MHP | |

[ ]   The defendant shall pay the following court cost(s):

[X]   The defendant shall forfeit the defendant's interest in the following property to the United States:

**Judgment of Forfeiture in the amount of $250,000.00 is imposed by this judgment.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.